# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

American Chemical Service, Inc.,

        Plaintiff,

        v.

United States Fidelity & Guaranty Company
and National Union Fire Insurance Company,

        Defendants.

Case No. 2:13-CV-177 JVB

## OPINION & ORDER

Defendant, United States Fidelity & Guaranty Company (USF&G) filed a Motion for

Reconsideration (DE 134) of the Court's Opinion and Order that granted Plaintiff's Motion for

Partial Summary Judgment and denied its Cross-Motion for Summary Judgment. Defendant

urges the Court to reconsider two separate decisions, or, in the alternative, either certify a state

law issue to the Indiana Supreme Court or certify the entire Order for interlocutory appeal

pursuant to 28 U.S.C. § 1292(b). Defendant maintains that the Court erred by: (1) misapplying

Indiana's contract interpretation principles while analyzing the parties' settlement agreement;

and (2) determining that the 2011 and 2013 letters from the Environmental Protection Agency to

Plaintiff constituted a suit. Plaintiff asserts that Defendant has failed to present any new facts or

permissible arguments in its Motion for Reconsideration and this issue is not proper for either

interlocutory appeal or certification to the Indiana Supreme Court.

**A. Motion to Reconsider Standard**

Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–02 (N.D. Ill. 1994). A motion to reconsider is appropriate when: (1) a court misunderstands a party; (2) a court decides an issue outside the adversarial issues presented by the parties; (3) a court makes an error of apprehension, as opposed to an error of reasoning; (4) a significant change in the law has occurred; or (5) significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

**B. Analysis**

The Court must first address Defendant's motion as it asks the Court to reconsider its interpretation of the 1993 Settlement Agreement and the Indiana Appellate Court's ruling in *Hartford Accident & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285 (Ind. Ct. App. 1997). Both of these requests are improper in a Motion for Reconsideration because Defendant presents no new arguments or facts in its motion. *See, e.g. Wagner v. Nutrasweet Co.*, 873 F. Supp. 87, 101–02 (N.D. Ill. 1994) (finding that motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal

theories for the first time."). Defendant understandably disagrees with the Court's ruling, but that does not mean the Court can readdress these already decided issues.

In addition to these issues, Defendant also asks the Court to either certify the issue of whether the EPA letters constitute a suit to the Indiana Supreme Court, or, in the alternative, certify its Opinion and Order (DE 133) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons outlined below, the Court denies both of Defendant's requests.

**1.** *Certification of an Issue to the Indiana Supreme Court*

Indiana Rules of Appellate Procedure allow federal courts to "certify a question of Indiana law to the Supreme Court when it appears that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." Ind. R. App. P. 64(A). Either party may request a federal court to certify a question and the decision to grant or deny a motion to certify a question of state law is discretionary with the district court. *United Farm Bureau Mut. Ins. Co. v. Metro. Human Relations Comm'n*, 24 F.3d 1008, 1015, n.4 (7th Cir. 2001).

Courts examine a wide array of factors when determining whether a matter should be certified. *See. e.g., State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 671 (7th Cir. 2001). These factors include: (1) whether the case involves an issue of significant public concern; (2) whether the issue is outcome determinative in the case; (3) whether the state supreme court has had an opportunity to address the issue; (4) whether the issue could aid in the growth of the state's jurisprudence; (5) the likelihood the issue will be regularly litigated; and (6) if intermediate courts of the state are in disagreement. *Allstate Ins. Co. v. Menards, Inc*., 285 F.3d

630, 638–39 (7th Cir. 2002); *Pate*, 275 F.3d at 672; *In re Badger Lines, Inc*., 140 F.3d 691, 698

(7th Cir. 1998); *Brown v. Argosy Gaming Co., L.P*., 384 F.3d 413, 416 (7th Cir. Ind. 2004).

While the issue of whether the letters from the EPA are a suit is outcome determinative,

all of the other factors the Court examined weigh against certifying this question to the Indiana

Supreme Court. First, and critically important here, is that the Indiana Supreme Court has had an

opportunity to address this issue, but chose not to. In *Dana*, the Indiana Court of Appeals found

that, pursuant to CERCLA, the EPA's "§ 104 requests coupled with a specific allegation of

liability, § 106 orders, § 107 demands, and § 122(e) offers, as well as analogous proceedings by

state and local agencies, are 'suits'" which trigger an insurer's duty to defend. *Hartford Accident

& Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 296–297 (Ind. Ct. App. 1997). The insurer in

*Dana* requested transfer to the Indiana Supreme Court, but was denied. *Hartford Accident &

Indem. Co. v. Dana Corp*., 698 N.E.2d 1191 (Ind. 1998). This Court cannot infer any legal effect

of this decision, except that it ended the litigation between the parties at the Indiana Supreme

Court. *See* Ind. R. App. P. 58(B). Nevertheless, the denial of transfer demonstrates that the

Indiana Supreme Court had an opportunity to address the issue, but chose not to exercise it.

The Court's decision not to certify this issue to the Indiana Supreme Court is influenced

by three other noteworthy factors. First, this issue is not a matter of significant public concern. It

is a matter of vital concern for insurers and the businesses they insure, but not for the general

public. Second, there is no disagreement amongst the Indiana Court of Appeals decisions on this

issue. *See e.g., Dana*, 690 N.E.2d at 296.; *Travelers Indem. Co. v. Summit Corp. of Am*., 715

N.E.2d 926, 934–936 (Ind. Ct. App. 1999); *see also 1100 West, LLC v. Red Spot Paint &

Varnish Co.*, 2008 U.S. Dist. LEXIS 16811, \*30–31, 2008 WL 623178 (S.D. Ind. Mar. 4, 2008)

(finding that "an Indiana court would likely apply the same standard as the *Dana* court to

determine when an administrative proceeding had commenced: an entry-level cognizable degree of coerciveness or adversariness."). Relatedly, the Seventh Circuit cautions that "unless we have a good reason to believe that the state's highest court would reject a decision by an intermediate court we treat that decision as authoritatively stating the law of the state." *Tippecanoe Beverages, Inc. v. S.A. El Aguila Brewing Co*., 833 F.2d 633, 638-639 (7th Cir. 1987). Lastly, the scarcity of Indiana cases addressing this issue demonstrates that is not frequently litigated in Indiana. As a result, the Court will not certify this question of Indiana law to the Indiana Supreme Court.

### 2. *Interlocutory Appeal Under 28 U.S.C. § 1292(b)*

A federal court may grant a party's motion for interlocutory appeal if an order contains "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This requires a party to demonstrate that four criteria are satisfied: "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Board of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000). "Unless all these criteria are satisfied, the district court may not and should not certify its order." *Id.*

Defendant's argument for interlocutory appeal has three flaws. First, Defendant's question regarding whether the EPA letters constitute a suit is not a question of law under § 1292(b). To satisfy this prong of § 1292(b), the issue for interlocutory appeal must be a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* at 676. This condition is not satisfied here. Here, the issue of whether an EPA letter is a suit is a question of Indiana case law. Likewise, the meaning of the release clause in the parties'

settlement agreement is a matter of contract interpretation. It would be improper for the Court to certify either of these issues for interlocutory appeal. *Id.* at 677 (finding that a "'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted.").

Second, there is no contestable issue of law here for interlocutory appeal. Indiana courts have consistently adopted the rationale of *Dana* and the Indiana Supreme Court declined to grant transfer of the case. If the request for interlocutory appeal were granted, the Seventh Circuit Court of Appeals would do nothing more but review *Dana,* and the other cases that rely on *Dana*.[1] With its analysis limited to this, the Seventh Circuit Court of Appeals would simply be supplying Defendant's another opportunity to argue their motion for summary judgment. This is not proper under § 1292(b). *Id.*at 676 ("Section 1292(b) was not intended to make denials of summary judgment routinely appealable."); *see also Tippecanoe*, 833 F.2d at 638-639 ("[U]nless we have a good reason to believe that the state's highest court would reject a decision by an intermediate court we treat that decision as authoritatively stating the law of the state.").

Lastly, granting Defendant's request would not speed up the resolution of this matter. As described above, if Defendant's petition for interlocutory review was granted, the Seventh Circuit Court of Appeals would have to make a detailed examination of the record and immerse itself not only in the intricacies of the insurance contract between the parties, but also into the parties' 1993 settlement agreement. This runs counter to the purpose of §1292(b) and would delay, rather than hasten, the final resolution of this case.

---

[1] In its Reply (DE 140), Defendants cites *Mahan v. Am. Standard Ins. Co.*, 862 N.E.2d 669, 676 (Ind. Ct. App. 2007) as contradictory law to *Dana* and contends that it is controlling in this case. *Mahan* involved a personal car insurance policy and an insured that, at the time of his lawsuit, was not facing any demand, claim, or lawsuit from any party involved with his car accident. *Mahan* is easily distinguishable from *Dana*, which provides an almost identical factual scenario as the one presented in this case.

**C. Conclusion**

For the reasons discussed above, the Court DENIES Defendant Motion for

Reconsideration (DE 134).  The Court also declines to certify this issue to the Indiana Supreme

Court or for interlocutory appeal pursuant to § 1292(b).


SO ORDERED on June 4, 2015.

 s/ Joseph S. Van Bokkelen       
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
